**SUNG JIN FASTENERS, LTD. f/k/a Hyunduck Industries, Ltd.,**
**Plaintiff–Appellant,**

v.

**NORTHSTAR EQUIPMENT CORP., Northstar Equipment Sales Corp. and Ronald Jaggie Defendants–Appellees.**

No. 03–7393.

United States Court of Appeals, Second Circuit.

Dec. 12, 2003.

Mark C. Sternick, Forest Hills, NY, for Appellant.

James P. Donohue, Jr., Gilbride, Tusa, Last & Spellane, LLC, New York, NY, for Appellees.

PRESENT: WALKER, Chief Judge, JACOBS, and STRAUB, Circuit Judges.

SUMMARY ORDER

Plaintiff-appellant Sung Jin Fasteners, Ltd., ("Sung Jin") appeals from an order of the district court of the Eastern District of New York (William G. Young, *District Judge*) dismissing, after a bench trial, all claims of fraudulent misrepresentation against defendant-appellee Ronald Jaggie, president of NorthStar Equipment Corp. and NorthStar Equipment Sales Corp., in his individual capacity. The district court found that Jaggie was not liable for common law fraud because, under New York law, there was insufficient evidence to show that Jaggie made intentional or consciously reckless misrepresentations. However, the district court ruled in favor of Sung Jin on Sung Jin's claims of breach of contract and fraudulent misrepresentation against corporate defendant-appellees Northstar Equipment Corp. and Northstar Equipment Sales Corp., (collectively "NorthStar"). To compensate Sung Jin for NorthStar's breach and fraudulent misrepresentation, the district court awarded Sung Jin $720,000, the purchase price of the machine less salvage value.

On appeal Sung Jin maintains that the district court misapplied the law to the facts and argues: that we should pierce the corporate veil and hold Jaggie personally liable for fraudulent misrepresentation because (a) at the time of contract formation, Jaggie knew that NorthStar would breach its contractual obligation, and (b) the contract contained misrepresentations and Jaggie recklessly signed it without knowing whether those representations were true.

We review a district court's conclusions of law and its application of the law to the facts *de novo*. *Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc.*, 187 F.3d 229, 238 (2d Cir.1999). We review the district court's findings of fact for clear error and affirm unless "on the entire evidence [we are] left with the definite and firm convic-

tion that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (internal quotations marks omitted).

Having reviewed the record, we affirm for substantially the reasons stated by the district court.